Steven Wallach, Esq.
5 Mapleton Road-Suite 100
Princeton, NJ 08540
(609) 987-9100
wallach@att.net
SSN 1642
Attorney for Defendant Community Options, Inc.

| | |
|---|---|
| BERNARD and AMY LERNER<br>Individually and as Guardians<br>For CARRIE LERNER,<br><br>    Plaintiffs,<br>v.<br><br>COMMUNITY OPTIONS, INC., JOHN<br>DOES 1-30; and ABC BUSINESS<br>ENTITIES 1-10,<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No.13-628(PGS/LHG)<br><br>ANSWER TO COMPLAINT,<br>CROSSCLAIM, ANSWER TO<br>CROSSCLAIMS, JURY DEMAND &<br>DESIGNATION OF TRIAL COUNSEL |

Defendant Community Options, Inc., by way of Answer to the Complaint says:

## INTRODUCTION

1-4. Denied with respect to this Defendant.

## JURIDICTION & PARTIES

5. Denied with respect to this Defendant. There are no significant questions of federal law, thus pendent jurisdiction of State law claims is not appropriate.

6. Admitted with respect to venue for this Defendant.

## RELIEF SOUGHT

7. Denied with respect to this Defendant.

## PARTIES

8. Denied with respect to this Defendant.

9-10. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of these paragraphs.

11-14. Admitted with respect to this Defendant.

15-16. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of these paragraphs.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

### A. Plaintiff Carrie Lerner's History

17-18. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of these paragraphs.

19. Admitted with respect to this Defendant

20. Denied with respect to this Defendant.

### B. The Assaults

21-22. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of these paragraphs.

23. Denied with respect to this Defendant.

24. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph.

25-27. Denied

28. Denied. This occurred in January 2011.

29. Denied

30-31. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of these paragraphs.

32-34. Denied

35. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph.

36-41. Denied

42-44. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of these paragraphs.

C. Duties and Responsibilities of DDD Service Providers

45. Admit

46-52. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of these paragraphs or to draw the legal conclusions proposed. The language of the State statutes cited speak for themselves.

D. Admissions By Defendant's Staff

53. Admit only that a team meeting was held on that date.

54-63. Denied

## COUNT I

65-74. Denied

## COUNT II

76-87. Denied

## COUNT III

89-97. Denied

## COUNT IV

99-102. Denied. This statute does not apply to the services provided to Plaintiff Carrie Lerner by this Defendant.

## COUNT V

104-107. Denied.

## COUNT VI

109. Admitted

110-116. Denied. This statute does not apply to the services provided to Plaintiff Carrie Lerner by this Defendant.

## COUNT VII

118. Denied

119. Admitted

120-133. Denied. These statutes do not apply to the services provided to Plaintiff Carrie Lerner by this Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Defendant acted at all times relevant hereto with good

faith and without any fraud or malice.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not been deprived of any right, privilege or immunity secured to them by the United States Constitution or any Act of Congress by this Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not been deprived of any right, privilege or immunity secured to her by the Constitution and laws of the State of New Jersey by this Defendant.

## FOURTH AFFIRMATIVE DEFENSE

This Defendant is protected by the charitable immunity set forth in N.J.S.A. 2A:53A-7 et seq.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is frivolous with respect to this Defendant and this Defendant is entitled to reasonable attorney's fees and costs pursuant to the Frivolous Litigation Act, N.S.A.2A:15-59.1, and 42 USC section 1988.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant is not liable to Plaintiffs for wrongful acts, if any, committed solely by others since those actors are not under their jurisdiction or control.

## EIGHTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of this Defendant was not the proximate cause of any injury sustained by the Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Recovery is barred in this action, in whole or in part, by the contributory and/or comparative negligence of Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages by not removing Plaintiff Carrie Lerner from the program operated by this Defendant and/or placing her in a more appropriate day or residential program.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have assumed the risk of injury to Plaintiff Carrie Lerner by not removing her from the program operated by this Defendant and having her placed in a more appropriate day or residential program.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiffs Bernard and Amy Lerner have not been appointed the Legal Guardian of Plaintiff Carrie Lerner and thus lack standing to bring this lawsuit on her behalf.

## THIRTEENTH AFFIRMATIVE DEFENSE

The federal statutes cited by Plaintiffs do not create a private cause of action which can be brought in this Court by these Plaintiffs.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs Bernard and Amy Lerner cannot bring an emotional distress claim under New Jersey law since they did not witness the alleged assaults upon Plaintiff Carrie Lerner.

<u>CROSSCLAIM</u>

This Defendant, by way of Crossclaim against all Co-Defendants say:

1. While denying that they are in any way obligated or liable under the claims for relief asserted against them, this Defendant alleges that:

a. Any obligation imposed upon them to respond in damages could only be as a result of operation of law based upon liability technical, imputed or implied whereas the actual fault or negligence was against the party or parties against whom this claim is asserted.

b. Any obligation of this Defendant to respond in damages is based upon a breach of contract whereas the causative action or failure to act was that of the party or parties against this claim is asserted.

c. The party or parties against whom this claim is asserted are obligated under the terms and provisions of the Joint Tortfeasors Contribution Act (<u>N.J.S.A</u>. 2A:53A <u>et</u> <u>seq</u>.) for the pro-rata share of any judgment.

d. This Defendant is entitled to a determination of the

percentage shares of responsibility of all Tortfeasors whose fault contributed to the claimed injuries and damages, as the obligations, if any, of this Defendant to respond in damages should not exceed its percentage share.

e. Arising out of the relationship between the parties is a contractual obligation entitling this Defendant to legal representation or costs of legal representation and indemnification regarding this lawsuit from the party or parties against whom this claim is asserted.

f. This Defendant asserts that the injuries and damages alleged by the Plaintiff were caused by or arose out of the primary, direct and proximate negligence of the Co-Defendants and said Co-Defendants should indemnify and save harmless these Defendants.

WHEREFORE, this Defendant demands judgment of restitution, payment of attorney=s fees and costs, indemnity, contribution, and/or apportionment of responsibility from the party or parties against whom this claim is asserted.

## ANSWER TO CROSSCLAIMS

This Defendant denies all Crossclaims asserted against them.

WHEREFORE, this Defendant respectfully requests the following relief from the Court:

a) dismissal of Plaintiffs' Complaint with prejudice with regard to this Defendant;

b) the entry of judgment in favor of this Defendant and

against Plaintiffs with regard to this Defendant;

    c) attorneys' fees, interest and costs of suit; and

    d) any other relief this Court deems just.

### JURY DEMAND

This Defendant hereby demands a trial by jury on all issues.

### DESIGNATION OF TRIAL COUNSEL

Steven Wallach, Esq., is hereby designated as trial counsel.

Respectfully submitted,

s/ *Steven Wallach*
Steven Wallach
Attorney for Defendant
Community Options, Inc.

Dated: March 28, 2013